# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
## NORTHERN DIVISION

|  |  |
|---|---|
| | : |
| Robin Curley, | : |
| | : Civil Action No.: 1:12-cv-03330 |
| Plaintiff, | : |
| v. | : |
| | : |
| Accelerated Financial Solutions L.L.C.; and | : **COMPLAINT** |
| DOES 1-10, inclusive, | : |
| | : |
| Defendants. | : |
| | : |

For this Complaint, the Plaintiff, Robin Curley, by undersigned counsel, states as follows:

## JURISDICTION

1.       This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2.       Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.       Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.       The Plaintiff, Robin Curley ("Plaintiff"), is an adult individual residing in Greensboro, Maryland, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.       Defendant, Accelerated Financial Solutions L.L.C. ("Accelerated"), is a Virginia business entity with an address of 6414 Wet Marsh Court, Suffolk, Virginia 23435, operating as

a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Accelerated and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Accelerated at all times acted by and through one or more of the Collectors.

**ALLEGATIONS APPLICABLE TO ALL COUNTS**

**A.  The Debt**

8.      The Plaintiff allegedly incurred a financial obligation (the "Debt") to a creditor (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.      The Debt was purchased, assigned or transferred to Accelerated for collection, or Accelerated was employed by the Creditor to collect the Debt.

11.      The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.  Accelerated Engages in Harassment and Abusive Tactics**

12.      Within the last year, Accelerated contacted Plaintiff in an attempt to collect the Debt, which is past the statute of limitations.

13.      Accelerated failed to inform Plaintiff that the Debt was no longer legally enforceable.

14.      Plaintiff advised Accelerated that the Debt was past the statute of limitations and would not be repaid.

15.      Thereafter, even though Accelerated already had Plaintiff's contact information,

Accelerated contacted Plaintiff's ex-wife who is not liable on the Debt and disclosed the information about the Debt to her.

16.     Furthermore, during the conversation with Plaintiff's ex-wife, Accelerated falsely stated that it was planning to file a legal action against Plaintiff if the Debt was not paid immediately. Accelerated had no ability or intent to take legal action against Plaintiff because the Debt was no longer legally enforceable.

17.     In addition, Accelerated contacted Plaintiff's father and falsely stated that it would attempt service of process that day.

18.     Accelerated contacted third parties for purposes other than Plaintiff's location information since Accelerated previously knew the whereabouts of Plaintiff and had spoken to Plaintiff.

19.     Accelerated failed to inform Plaintiff of his rights in writing as it is required by law.

**C.  <u>Plaintiff Suffered Actual Damages</u>**

20.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

21.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, fear, frustration and embarrassment.

22.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

23.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24.     The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted third parties for purposes other than to confirm or correct location information.

25.     The Defendants' conduct violated 15 U.S.C. § 1692b(2) in that Defendants informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt.

26.     The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

27.     The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character and legal status of the Debt.

28.     The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

29.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

30.     The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

31.     The Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

32.     The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

33.     The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT
## MD. CODE COMM. LAW § 14-201, et seq.

34.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35.     The Defendants are each individually a "collector" as defined under MD. Code Comm. Law § 14-201(b).

36.     The debt is a "consumer transaction" as defined under MD. Code Comm. Law § 14-201(c).

37.     The Defendants disclosed or threatened to disclose information to a person other than the Plaintiff or his spouse information affecting the Plaintiff's reputation, with knowledge that the third party the Defendants were contacting had no business need for such information, in violation of MD. Code Comm. Law § 14-202(5).

38.     The Defendants attempted to claim and enforce a right which the Defendants did not have a legal right to enforce or claim, in violation of MD. Code Comm. Law § 14-202(8).

39.     The Plaintiff is entitled to damages proximately caused by the Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4.  Actual damages pursuant to MD. Code Comm. Law § 14-203;

5.  Actual damages pursuant to MD. Ann. Code. Bus. Reg. § 7-401(b);

6.  Actual damages from the Defendants for the all damages suffered as a result
    of the intentional, reckless, and/or negligent FDCPA violations and
    intentional, reckless, and/or negligent invasions of privacy in an amount to
    be determined at trial for the Plaintiff; and

7.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: November 14, 2012

Respectfully submitted,

By    */s/ Sergei Lemberg*
Sergei Lemberg, Esq.
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
ATTORNEYS FOR PLAINTIFF